IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TINA BLANKENSHIP and
MARK BLANKENSHIP, husband and wife,
and TINA BLANKESHIP,
as Guardian and Next Friend of C.B.,
an infant under the age of 18 years,

    Plaintiffs,

v.                                                                          Civil Action No. 2:14-cv-26529
                                                                         Judge Robert Goodwin

WAL-MART STORES, INC.,
a Delaware Corporation licensed
to do business in the State of West Virginia,
and GENERAL ELECTRIC COMPANY,
a New York Corporation
licensed to do business in the State of West Virginia,

    Defendants.

**DEFENDANT WAL-MART STORES, INC.'S,
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
<u>EXCLUDE THE OPINIONS AND TESTIMONY OF WILLIAM KITZES</u>**

        Wal-Mart submits this memorandum in support of its motion to exclude the opinions and testimony of William Kitzes, Plaintiffs' product safety expert.

**INTRODUCTION**

        William Kitzes is a professional witness. A self-styled "product safety management expert," he has turned a seven-year employment period with the Consumer Product Safety Commission (hereinafter "CPSC") over thirty years ago into a career of testifying on behalf of plaintiffs in personal injury litigation.

        In this case, Mr. Kitzes seeks to testify regarding a wide range of topics, including Defendants' corporate knowledge, state of mind, and ethics; Defendants' failure to comply with the Consumer Product Safety Act (hereinafter "CPSA"); and his views on Defendants' ultimate

liability in this litigation. The bulk of Mr. Kitzes's report consists of his summaries of Defendants' corporate documents, communications, and deposition testimony.

Because Mr. Kitzes steps far beyond the bounds of permissible expert testimony, federal and state courts throughout America have precluded him from offering similar opinions at trial. For instance, the West Virginia Supreme Court of Appeals has excluded Mr. Kitzes stating "Mr. Kitzes' affidavit, at best, is conclusory and lacks and relevant analysis." *Clark v. Shores*, 499 S.E.2d 858, 861 n.9 (W. Va. 1997). Judge Bailey also excluded Mr. Kitzes's opinions as bereft of legitimate methodology and rife with improper legal conclusions. *Landis v. Hearthmark, LLC*, No. 2:11-CV-101, 2014 WL 199261, at *4-6 (N.D. W. Va., Jan. 16, 2014). These courts' rulings have been echoed by tribunals across the United States. *See, e.g., S.S. v. Leatt Corp.*, No. 1:12-cv-483, 2013 WL 3714142 (N.D. Ohio, July 15, 2013); *In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 816 F. Supp. 2d 422 (W.D. Ky. 2011); *Landrin v. MGA Entertainment, Inc.*, No. 05-21145-CIV, 2006 WL 5249735 (S.D. Fla., Jan. 6, 2006); *Flock v. Scripto-Tokai Corp.*, 2001 WL 36390120 (S.D. Tex, Sept. 28, 2001). This Court should reach the same conclusion, and preclude Mr. Kitzes from testifying in this case.

## ARGUMENT

I. **The Court Should Exclude Mr. Kitze's Narrative Summary of Defendants' Documents and Depositions, and His Opinions Concerning Defendants' Knowledge, State of Mind, and Corporate Conduct.**

The bulk of Mr. Kitzes's report consists of his summarization of Defendants' company documents and depositions in an effort to support his opinions regarding Defendants' knowledge, corporate ethics, and alleged "bad acts" or omissions. For instance, Mr. Kitzes's report presents selected excerpts from Wal-Mart's website. (See Exhibit A, Kitzes report at 8-10.) Mr. Kitzes provides his interpretation of the deposition testimony of certain of Defendants' employees, (*Id.* at 10-12), as well as the instruction manual for the Food Processor, (*Id.* at 29).

His report also includes a lengthy summary of selected company emails and documents produced by Defendants in this litigation. *Id.* at 14-26.[1] Without linking any specific documents to his conclusions, Mr. Kitzes uses his summaries as a springboard to offer a variety of opinions as to Defendants' knowledge, alleged "bad acts" or omissions, and corporate ethics, including:

- "Walmart and GE acted with a clear, conscious and reckless disregard for the safety of their customers";

- "Walmart and GE were on notice as early as July of 2009 that the GE food processor . . . contained a safety interlock that did not function well and could bring serious critical issues in respect to product safety";

- "Based on the knowledge of both GE and Walmart, the food processor created a substantial risk of injury before it was ever sold to the public";

- "Walmart had clear pre-distribution knowledge of the defect . . . ."

- "Walmart reluctantly agreed [to file a report and initiate a recall]."

*Id.* at 30-31.

This Court should exclude Mr. Kitzes's opinions regarding Defendants' knowledge and corporate conduct. Mr. Kitzes's opinions on these issues "actually invade[s] the province of the jury rather than assist[ing] it in resolving material issues of fact," insofar as the opinions are predicated on nothing more than Mr. Kitzes's interpretation of Defendants' documents. *See Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *7 (S.D. W. Va. July 8, 2011) (Copenhaver, Jr., J.). Courts have repeatedly held that expert witnesses are not "permitted to merely read, selectively quote from, or 'regurgitate' the evidence" because a jury is more than capable of reading and summarizing documents on its own. *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009); *see also In re Prempro Prods. Liab. Litig.*, 554 F. Supp. 2d 871, 887 (E.D. Ark. 2008) ("Having an expert witness simply summarize a document

---

[1] Notably, Mr. Kitzes cannot distinguish between quotations and paraphrasing in his summaries. (William Kitzes dep. excepts attached as Exhibit B, p. 41:25-42:12.)

(which is just as easily summarized by a jury) with a tilt favoring a litigant, without more, does not amount to expert testimony."), *aff'd in pertinent part*, 586 F.3d 547, 571 (8th Cir. 2009). Similarly, the Court should not permit Mr. Kitzes to speculate based solely on his impressions of the evidence in this case. *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1053 (D. Minn. 2007) ("Further, expert testimony that is merely speculation or pure conjecture based on the expert's impressions of the physical evidence must be excluded as not based on any reliable methodology or scientific principle.").

More importantly, the opinions would be entirely unhelpful to the jury. This Court has precluded potential expert witnesses from proffering opinions similar to those Mr. Kitzes seeks to offer in this case, holding that a company's "knowledge, statement of mind, alleged bad acts, failures to act, or other matters related to corporate conduct and ethics *are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury.*" *In re C.R. Bard, Inc.*, 948 F.Supp.2d 589, 611 (S.D. W. Va. 2013) (emphasis added); *see also In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (precluding testimony as to "the knowledge, motivations, intent, state of mind, or purposes of" a company and its employees because such testimony "is not a proper subject for expert or even lay testimony"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").

The Court should likewise preclude Mr. Kitzes from offering unhelpful opinions concerning Defendants' corporate knowledge and ethics. The principal issues in this case are whether Defendants breached any legal duties to Plaintiff in the manufacturing, labeling, and marketing of the Food Processor and, if so, whether any such breaches were proximate causes of Plaintiffs' injuries. Mr. Kitzes's opinions about Defendants' intent, state of mind, or purpose

4

simply have no bearing on these issues. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 544 ("While the defendants may be liable in the court of public opinion, or before a divine authority for any ethical lapses, expert opinion as to the ethical character of their actions simply is not relevant to these lawsuits."). As discussed in greater detail below, rather than basing his opinions on a reliable methodology, Mr. Kitzes relies only on his subjective beliefs. *See, e.g.*, Exhibit A p. 31 ¶6. ("Based on the knowledge of both GE and Wal-Mart, the food processor created a substantial risk of injury before it was ever sold to the public."). These opinions therefore "do not meet the core requirement of Rule 702 that expert testimony rest on 'knowledge,' a term that 'connotes more than subjective belief or unsupported speculation.'" *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 543 (quotation and citation omitted).

For all of the reasons set forth above, the Court should preclude Mr. Kitzes from offering a narrative summary of Defendants' documents or opinions concerning Defendants' knowledge, state of mind, and corporate conduct.

II. **The Court Should Exclude Mr. Kitzes's Conclusory Opinions Because They Are Unsupported by Any Legitimate Methodology.**

The Court's "gatekeeping" function under *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), is to determine whether the proffered "expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Zellers v. NexTech Northeast, LLC*, 533 F. App'x 192, 196 (4th Cir. 2013) (quoting *Daubert*, 509 U.S. at 588). Federal Rule of Evidence 702 "establishes a standard of evidentiary reliability" and "requires a valid . . . connection to the pertinent inquiry as a precondition to admissibility." *Khumo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quotations and citation omitted). In assessing the admissibility of an expert's opinions, a court "must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used." *Heller v.*

5

*Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999). "A reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby v. Gen. Motors Corp.*, 190 F.2d 244, 250 (4th Cir. 1999). As the United States Supreme Court explained:

> Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (citation omitted). An expert's conjecture, "subjective belief," or "unsupported speculation" will not suffice. *Daubert*, 509 U.S. at 590.

Mr. Kitzes's report is devoid of any legitimate methodology. Rather, his report consists of a disconnected sequence of Mr. Kitzes's summaries and interpretations of certain documents, communications, and legal standards he claims are relevant in this case, followed by a series of unsubstantiated conclusions. Indeed, Mr. Kitzes spends twenty-one pages summarizing passages from Wal-Mart websites, deposition testimony from Defendants' employees, the legal responsibilities of manufacturers and importers under the CPSA, selections from Defendants' emails and documents, provisions from the CPSA and related regulations, and the Food Processor's instruction manual. *See* Exhibit A p. 8-29.[2] Without making any effort to connect his factual allegations to his conclusions, Mr. Kitzes presents various opinions regarding Defendants' liability in this case. *See Id.* at 30-32. For example, although Mr. Kitzes claims that Defendants "failed to apply accepted principles of product safety management," he does not

---

[2] Although Mr. Kitzes quotes selectively from these documents, he cannot distinguish between quoted and paraphrased material. Exhibit B at 41:25-42:9.

6

identify any facts supporting this opinion.[3] Put simply, Mr. Kitzes fails to bridge the "analytical gap between the data and the opinion[s] proffered" in this case. *Joiner*, 522 U.S. at 146.

Courts have repeatedly excluded Mr. Kitzes opinions due to his failure to adhere to a reliable methodology in rendering his opinions. *See, e.g., Landis,* 2014 WL 199261, at *4-6; *Clark v. Shores*, 499 S.E.2d 858, 861 n.9 (W. Va. 1997) ("Mr. Kitzes' affidavit, at best, is conclusory and lacks and relevant analysis."). In rejecting Mr. Kitzes's attempt to offer similar opinions in *S.S. v. Leatt Corp.*, the court explained that "[t]here is insufficient information and analysis in Kitzes's report to conclude that he employed a reliable methodology in reaching his conclusions" because the "opinions Kitzes purports to provide . . . are not cogent (or cogently linked to the issues raised in the case) and are not supported by any reliable rationale or methodology." No. 1:12-cv-483, 2013 WL 3714142, at *18 (N.D. Ohio, July 15, 2013). The Court should exclude Mr. Kitzes's opinions in this case on the same grounds.

### III. The Court Should Preclude Mr. Kitzes From Offering Legal Conclusions.

Throughout his report, Mr. Kitzes makes legal conclusions that are beyond the proper scope of expert testimony. As the Fourth Circuit has recognized,

> The touchstone of [Rule 702] is whether the testimony will assist the jury. . . . [I]t does not help the jury for an expert to give testimony that states a legal standard or draws a legal conclusion by applying law to the facts . . . because it supplies the jury with no information other than the witness's view of how the verdict should be read.

*U.S. v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) (quotations and citation omitted). Importantly, the role of instructing the jury as to the application of law is reserved exclusively to the Court.

---

[3] Mr. Kitzes's deposition testimony highlights the speculative nature of this opinion. *See* Exhibit B pgs. 63:12-64:8 (admitting that he had neither seen nor asked for Wal-Mart's written corporate safety policy); 64:9-18 (asserting that "maybe" Wal-Mart knew about the risk of interlock failure, but "you can make a case for the fact that they knew"); 65:1-5 (admitting that Wal-Mart monitored product safety performance); 73:9-14 (admitting that his own risk assessment was "absolutely qualitative" rather than based on objective criteria); 93:5-94:14 (admitting that he had never seen the licensing agreement between GE and Wal-Mart, and that he had never reviewed any GE corporate safety policies).

7

*See id.*; *see also Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 538-39 (D. Md. 2006) ("[i]t is the responsibility—and the duty—of the court to state . . . the meaning and applicability of the appropriate *law*, and—when aided by the capable legal argumentation of counsel—it has ample legal expertise to do so. Evidence supplied by experts as to legal conclusions is not admissible, nor indeed evidence at all") (quotations and citation omitted).

Mr. Kitzes's report is littered with improper legal conclusions. For example, he opines that Defendants acted with "clear, conscious and reckless disregard" for their customers' safety. (Exhibit A, p. 30.) He also claims that Defendants "failed to adequately warn consumers" about the risk that the Food Processor was defective. *Id.* p. 31. Mr. Kitzes opines that the Defendants failed to protect consumers from "an unreasonably dangerous condition" created by both the instruction manual, *(Id.* p. 29), and the Food Processor itself, *(Id.* p. 32). Indeed, he asserts that "evidence confirm[s] that the food processor was unreasonably dangerous and defective." *Id.* p. 31. He further opines that Defendant Wal-Mart violated Section 15 of the CPSA and related regulatory provisions because Wal-Mart is "defined as the manufacturer" under the statute, the Food Processor "contained a defect which could create a substantial product hazard" as that term is used in the CPSA, and Wal-Mart failed to file a report with the CPSC. *See* Exhibit A, p. 31. All of these statements are legal conclusions masquerading as expert opinions, and are clearly outside the bounds of admissible expert testimony. *See Wise v. C.R. Bard, Inc.*, No. 2:12-cv-01378, 2015 WL 521202, at *5 n.4, *13 (S.D. W. Va., Feb. 7, 2015) (precluding experts from offering legal conclusions). Courts have repeatedly precluded Mr. Kitzes from offering such legal conclusions at trial. *See, e.g., Landis*, 2014 WL 199261, at * 4-5; *Landrin*, 2006 WL 5249735, at *10 n.4; *Flock*, 2001 WL 36390120, at *1. This Court's ruling in this case should be no different.

### IV. Mr. Kitzes Opinions Regarding the CPSA Are Irrelevant

Mr. Kitzes's opinions regarding alleged violations of the CPSA are irrelevant to this litigation because there is no private cause of action for violating the statute's reporting requirements. In *Daubert*, the Supreme Court explained that, in addition to reliability, "Rule 702 further requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue,'" a requirement that "goes primarily to relevance." *Daubert*, 509 U.S. at 591. In elucidating this "fit" requirement, the Supreme Court noted that expert testimony carries special dangers to the fact-finding process because it "can be both powerful and quite misleading because of the difficulty in evaluating it." *Id.* For that reason, circuit courts have held that proffered evidence must be excluded "under Rules 702 and 403 unless [district courts] are convinced that it speaks *clearly and directly to an issue in dispute in the case.*" *Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) (emphasis added).

In his report, Mr. Kitzes opines that Wal-Mart violated Section 15 of the CPSA by failing to report to the CPSC that the Food Processor contained a defect that presented a substantial product hazard. Exhibit A, p. 31. As six federal circuit courts have recognized, there is no private cause of action for a violation of the CPSA's reporting requirements. *Daniels v. Am. Honda Motor Co.*, 980 F.2d 729 (6th Cir. 1992) (Table); *In re All Terrain Vehicle Litigation*, 979 F.2d 755 (9th Cir. 1992); *Kloepfer v. Honda Motor Co.*, 898 F.2d 1452 (10th Cir. 1990); *Benitez-Allende v. Alcan Alumino Do Brasil, S.A.*, 857 F.2d 25 (1st Cir. 1988); *Zepik v. Tidewater Midwest, Inc.*, 856 F.2d 936 (7th Cir. 1988); *Drake v. Honeywell, Inc.* 797 F.2d 603 (8th Cir. 1986). Nor has Plaintiff asserted a cause of action under the CPSA. (*See* Plaintiffs' Compl.)

Thus, it cannot be said that Mr. Kitzes's testimony regarding the CPSA would speak "clearly and directly to an issue in dispute in the case." *Daubert II*, 43 F.3d at 1321 n.17.

Courts have rejected Mr. Kitzes's attempts to offer such testimony in prior cases. *See, e.g., Landis,* 2014 WL 199261, at * 5; *In re Yamaha*, 816 F. Supp. 2d at 456. The Court should reach the same conclusion in this case.

### V. The Court Should Exclude Mr. Kitzes's Opinions Regarding Product Defect and Causation.

In his report, Mr. Kitzes repeatedly opines that the Food Processor was defective. *See, e.g.,* Exhibit A, p. 31 (asserting that the Food Processor "created a substantial risk of injury," "contained a defect which could create a substantial product hazard," contained a "defective safety interlock," and was "unreasonably dangerous and defective." Mr. Kitzes also claims that Plaintiff "was injured due to the failure of the interlock on the subject GE food processor to prevent the sharp metal blades from rotating at high speed when the lid was removed from the container." *Id.* p. 32. Mr. Kitzes is not qualified to offer opinions as to the existence of product defect or causation.

Pursuant to Federal Rule of Evidence 702, "to be qualified as an 'expert,' a witness must have 'knowledge, skill, experience, training, or education' in the subject area in which he intends to testify." *Gladhill v. Gen. Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir. 1984). Mr. Kitzes is not an engineer. (Exhibit B, p. 78:21-23.) He has no relevant scientific or medical education or training. (*Id.* pgs. 77:11-78:16) (testifying that his scientific education is limited to basic undergraduate courses in chemistry, biology, and meteorology, and a course in human factors engineering). He has no experience designing food processors or safety interlocks. (*Id.* pgs. 79:19-20; 79:25-80:2.) Recognizing Mr. Kitzes's lack of qualifications, courts have repeatedly excluded his opinions on scientific or technical issues. *See Landis,* 2014 WL 199261, at *5; *In re*

*Yamaha*, 816 F. Supp. 2d at 457; *Landrin*, 2006 WL 5249735, at *10. This Court should reach the same conclusion, and preclude Mr. Kitzes from testifying about product defect and causation.

Regardless of Mr. Kitzes's qualifications, the Court should preclude his testimony regarding the existence of a defect in the Food Processor because it is irrelevant and unreliable. Rather than relying on a reliable methodology, Mr. Kitzes relies solely on his subjective assessment. Exhibit B, p. 73:12-75:1 (admitting that he employed a "qualitative risk assessment"). Indeed, he did not even see an exemplar of the Food Processor, much less conduct any kind of testing to support his opinions. Exhibit B, p. 77:2-5. Accordingly, the Court should preclude Mr. Kitzes from offering such opinions at trial. *See Daubert*, 509 U.S. at 591 (warning of risk that expert testimony will mislead the jury).

## CONCLUSION

Because the Plaintiffs' expert witness, in reaching his opinions, did not inspect the Food Processor at issue; did not rely on any reasonably acceptable substitute; and did not rely on information that would reasonably be relied on by others in his field, his opinions constitute nothing more than speculation. As such his testimony would not be admissible under Rule 702[1] and for these reasons and others apparent to this Honorable Court, Wal-Mart Stores, Inc.,

---

[1] Rule 702 provides: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

11

respectfully requests that the Court preclude Mr. Kitzes from testifying in this matter.

      WAL-MART STORES, INC.,
      By counsel,

/s/ Heather M. Noel
Heather M. Noel, WV Bar No. 7814
*Counsel for Defendant Wal-Mart Stores Inc.*
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
304/599-5600 telephone
304/599-8141 facsimile
hnoel@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TINA BLANKENSHIP and
MARK BLANKENSHIP, husband and wife,
and TINA BLANKENSHIP,
as Guardian and Next Friend of C.B.,
an infant under the age of 18 years,

    Plaintiffs,

v.

                                                  Civil Action No. 2:14-cv-26529
                                                Judge Goodwin

WAL-MART STORES, INC.,
a Delaware Corporation licensed
to do business in the State of West Virginia,
and GENERAL ELECTRIC COMPANY,
a New York Corporation
licensed to do business in the State of West Virginia,

    Defendants.

## CERTIFICATE OF SERVICE

    I, Heather M. Noel, do hereby certify that on September 8, 2015, a true copy of the foregoing **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF WILLIAM KITZES** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

                              Troy N. Giatras, Esq.
                              The Giatras Law Firm, PLLC
                              118 Capitol Street, Suite 400
                              Charleston, WV 25301
                              *Counsel for Plaintiffs*

                              Michael Carr, Esq.
                              Christopher L. Brinkley, Esq.
                              Carr & Carr, Attorneys at Law
                              4416 South Harvard Avenue
                              Tulsa, OK 74135
                              *Counsel for Plaintiffs*

Philip J. Combs, Esq.
Aaron N. Arthur, Esq.
Sara A. Leonard, Esq.
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338
*Counsel for Defendant General Electric Company*


 /s/ Heather M. Noel_____
Heather M. Noel, WV Bar No. 7814
Sara E. Brown, WV Bar No. 11999
 *Counsel for Defendant Wal-Mart Stores, Inc.*
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone 304/599-5600
Facsimile 304/599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com