IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TINA BLANKENSHIP, et al.,

            Plaintiffs,

v.                                    CIVIL ACTION NO.   2:14-cv-26529

WAL-MART STORES, INC., et al.,

            Defendants.

**ORDER**

Pending before the court is the Motion to Seal Certain Exhibits [ECF No. 74] filed by defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiffs did not file a timely response to Wal-Mart's motion, making the motion ripe for consideration. Wal-Mart seeks to seal several exhibits filed with its Motion for Partial Summary Judgment [ECF No. 71]. Wal-Mart's motion is **DENIED**.

## I.     Background

Earlier in the course of this litigation, the parties submitted a Stipulated Protective Order [ECF No. 29] wherein the parties agreed to ensure the confidentiality of certain information subject to discovery. United States Magistrate Judge Dwane L. Tinsley granted the subsequent motion to enter the Stipulated

Protective Order. Order, Mar. 20, 2015 [ECF No. 32]; *see also* Mot. to Enter Protective Order [ECF No. 30].

Wal-Mart now seeks to seal the following exhibits filed with its Motion for Partial Summary Judgment: Exhibit B [ECF No. 71-2], Exhibit C [ECF No. 71-3], Exhibit D [ECF No. 71-4], Exhibit E [ECF No. 71-5], Exhibit F [ECF No. 71-6], Exhibit G [ECF No. 71-7], and Exhibit H [ECF No. 71-8]. Wal-Mart claims these exhibits are protected by the Stipulated Protective Order and should be, therefore, sealed.

## II.    Standard

Although protective orders may keep certain documents confidential during the discovery process, documents loses their status as "raw fruits of discovery" once they accompany a dispositive motion. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 98 F.R.D. 539, 544 (E.D.N.Y. 1983)). To ensure continued protection of documents, a party must file a motion to seal. When deciding whether documents should be sealed, a district court must comply with procedural and substantive requirements. *Id.* at 253.

Procedurally, a district court must follow certain requirements before sealing documents:

> First, the district court must give the public adequate notice that the
> sealing of documents may be ordered. Second, the district court must
> provide interested persons "an opportunity to object to the request
> before the court ma[kes] its decision." Third, if the district court decides

to close a hearing or seal documents, "it must state its reasons on the record, supported by specific findings." Finally, the court must state its reasons for rejecting alternatives to closure.

*Id.* at 253–54 (alteration in original) (citations omitted) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984)). The Local Rules of Civil Procedure provide what is required of a party seeking to seal documents:

[A] motion to seal shall be . . . accompanied by a memorandum of law which contains:

  (A)   the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;

  (B)   the requested duration of the proposed seal; and

  (C)   a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

S.D. W. Va. L.R. Civ. P. 26.4(b)(2).

Substantively, the common law and the First Amendment protect the public right of access. Under the common law, "there is a presumption of access accorded to judicial records." *Rushford*, 846 F.2d at 253. The party seeking to overcome this presumption and to have documents sealed "bears the burden of showing some significant interest that outweighs the presumption" and the public interest in access. *Id.* Under the First Amendment, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* This

heightened First Amendment standard applies "to documents filed in connection with a summary judgment motion in a civil case." *Id.*

## III.    Discussion

Wal-Mart's Motion to Seal Certain Exhibits is procedurally and substantively deficient.

Procedurally, Wal-Mart failed to comply with Local Rule 26.4. The motion is not accompanied by a memorandum discussing why sealing is necessary and alternatives are indadeqaute, how long the seal should remain in place, and what role the common law and First Amendment rights of access play. The motion itself does not contain the information required by Rule 26.4. Instead, Wal-Mart merely claims it is entitled to have the documents sealed because a protective order is in place. This claim ignores reality—a protective order does not automatically shield and seal documents submitted with a dispositive motion. *See Rushford*, 846 F.2d at 252.

Substantively, Wal-Mart's reasons to seal the documents at issue are wanting. Wal-Mart claims its exhibits should be sealed because, per the Stipulated Protective Order, the documents are confidential and this confidentiality should be maintained. As noted, Wal-Mart does not discuss the propriety of sealing its exhibits in light of the common law and the First Amendment. Wal-Mart does not cite a single case in support of sealing its exhibits. It is not the business of this court to make Wal-Mart's case for it, so the motion should be **DENIED** for want of support.

**IV.     Conclusion**

Due to its procedural and substantive deficiencies, Wal-Mart's Motion to Seal

Certain Exhibits [ECF No. 74] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record

and any unrepresented party.

ENTER:       October 15, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE